UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


KHALID MOHD,

                    Petitioner,

v.                                        Case No. 3:15-cv-587-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
                    Respondents.
_____

**<u>ORDER</u>**

**I. Status**

Petitioner Khalid Mohd, an inmate of the Florida penal system,
initiated this action on May 11, 2015, by filing a pro se Petition
for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. §
2254. In the Petition, Mohd challenges a 2012 state court (Putnam
County, Florida) judgment of conviction for attempted first degree
murder with a weapon, arson, and aggravated battery causing serious
bodily injury with a weapon. Respondents have submitted a
memorandum in opposition to the Petition. <u>See</u> Respondents' Response
to Petition (Response; Doc. 7) with exhibits (Resp. Ex.). On
September 4, 2015, the Court entered an Order to Show Cause and
Notice to Petitioner (Doc. 4), admonishing Mohd regarding his
obligations and giving Mohd a time frame in which to submit a

reply. Mohd submitted a brief in reply. <u>See</u> Petitioner's Reply to Respondents' Response (Reply; Doc. 8). This case is ripe for review.

## II. Procedural History

On June 7, 2012, the State of Florida charged Mohd with attempted first degree murder with a weapon (count one), arson (count two), and aggravated battery causing serious bodily injury with a weapon (count three). <u>See</u> Resp. Ex. A at 139-40, Second Amended Information. Mohd proceeded to a jury trial in June 2012, at the conclusion of which, on June 26, 2012, the jury found him guilty, as charged. <u>See</u> <u>id.</u> at 268-70, Verdict; Resp. Ex. B, Transcript of the Jury Trial (Tr.) at 641-43. On August 8, 2012, the court sentenced Mohd to life imprisonment for count one, a term of imprisonment of thirty years for count two, to run concurrently with count one, and a term of imprisonment of thirty years for count three, to run concurrently with count one. <u>See</u> Resp. Exs. A at 275-86, Judgment; D.

On direct appeal, Mohd, with the benefit of counsel, filed an initial brief, raising the following issues: the cumulative effect of impermissible evidence tainted the jury and denied Mohd a fair trial (ground one); the prosecutor's arguments to the jury regarding Mohd's religion and alleged polygamy mischaracterized his culture and customs, were more prejudicial than probative, and deprived him of his Fourteenth Amendment rights to a fair trial and

due process of law (ground two); the trial court erred when it admitted multiple gruesome photographs depicting the victim's nude, burned body, and the photographs were redundant and prejudicial (ground three); and the trial court erred when it admitted testimony and a photograph of the family swimming pool filled with sand because the evidence was more prejudicial than probative (ground four). See Resp. Ex. F at 1-30. The State filed an answer brief, see id. at 31-49, and Mohd filed a reply brief, see id. at 50-56. On July 30, 2013, the appellate court affirmed Mohd's conviction and sentence without issuing a written opinion, see Mohd v. State, 117 So.3d 1109 (Fla. 5th DCA 2013); Resp. Ex. F at 57, and the mandate issued on August 23, 2013, see Resp. Ex. F at 58.

On February 24, 2014, Mohd, with the benefit of counsel, filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion). See Resp. Ex. G at 4-63. In his request for post-conviction relief, he asserted that counsel (Garry Wood) was ineffective because he failed to: properly memorialize witness testimony and documents from Jordan (ground one); procure documents from Jordan to show Mohd had divorced his other wife (ground two); memorialize witness statements to impeach the victim regarding her mental health and suicidal tendencies (ground three); impeach key witnesses (ground four); impeach the victim with her prior inconsistent statements regarding her burns (ground five); determine and propound evidence regarding the

cultural significance of self-immolation among Islamic women in the Middle East and Asia (ground six); object to or propound evidence regarding the cultural and religious significance of divorce and polygamy in Islamic countries (ground seven); and raise defenses based on exculpatory evidence (ground eight). The State responded, see id. at 66-178, and the circuit court denied his Rule 3.850 motion on September 29, 2014, see id. at 179-339. The appellate court affirmed the court's denial of post-conviction relief per curiam on April 28, 2015, see Mohd v. State, 166 So.3d 808 (Fla. 5th DCA 2015); Resp. Ex. G at 364, and later denied Mohd's motions for rehearing and for a written opinion, see Resp. Ex. G at 340-63. The mandate issued on June 22, 2015. See id. at 365.

### III. One-Year Limitations Period

The Petition appears to be timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y,

4

Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S.Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Mohd's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

## V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court recently stated:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S.Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence

6

presented in the State court proceeding." 28 U.S.C. § 2254(d);

Richter, 562 U.S. at 97-98. As the Eleventh Circuit has explained:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.
>
> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different

7

> conclusion in the first instance.'"[1] <u>Titlow</u>,
> 571 U.S. at ---, 134 S. Ct. at 15 (quoting
> <u>Wood v. Allen</u>, 558 U.S. 290, 301, 130 S. Ct.
> 841, 849, 175 L.Ed.2d 738 (2010)).

<u>Tharpe v. Warden</u>, 834 F.3d 1323, 1337 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. <u>See</u> <u>Cullen v. Pinholster</u>, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1)'s "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." <u>Burt v. Titlow</u>, 134 S.Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" <u>Tharpe</u>, 834 F.3d at 1338 (quoting <u>Richter</u>, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. <u>Richter</u>, 562 U.S. at 102. Thus, to the extent that Mohd's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

---

[1] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." <u>Clark v. Att'y Gen., Fla.</u>, 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 1103 (2017).

## B. Exhaustion/Procedural Default

There are prerequisites to federal habeas review. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction. <u>See</u> 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) (emphasis omitted). Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).

In addressing exhaustion, the United States Supreme Court explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. <u>Duncan</u>, <u>supra</u>, at 365-366, 115 S.Ct. 887; <u>O'Sullivan v. Boerckel</u>, 526 U.S.

838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A state prisoner's failure to properly exhaust available state remedies results in a procedural default which raises a potential bar to federal habeas review. The United States Supreme Court has explained the doctrine of procedural default as follows:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[2] supra, at 747-748, 111 S.Ct. 2546; Sykes,[3] supra, at 84-85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. --, --, 131 S.Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. --, --, 130 S.Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the

_____

[2] Coleman v. Thompson, 501 U.S. 722 (1991).

[3] Wainwright v. Sykes, 433 U.S. 72 (1977).

> default and prejudice from a violation of
> federal law. See Coleman, 501 U.S., at 750,
> 111 S.Ct. 2546.

Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012). Thus, procedural

defaults may be excused under certain circumstances.

Notwithstanding that a claim has been procedurally defaulted, a

federal court may still consider the claim if a state habeas

petitioner can show either (1) cause for and actual prejudice from

the default; or (2) a fundamental miscarriage of justice. Ward v.

Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). In order for a

petitioner to establish cause,

> the procedural default "must result from some
> objective factor external to the defense that
> prevented [him] from raising the claim and
> which cannot be fairly attributable to his own
> conduct." McCoy v. Newsome, 953 F.2d 1252,
> 1258 (11th Cir. 1992) (quoting Carrier, 477
> U.S. at 488, 106 S.Ct. 2639).[4] Under the
> prejudice prong, [a petitioner] must show that
> "the errors at trial actually and
> substantially disadvantaged his defense so
> that he was denied fundamental fairness." Id.
> at 1261 (quoting Carrier, 477 U.S. at 494, 106
> S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir. 1999).

In the absence of a showing of cause and prejudice, a

petitioner may receive consideration on the merits of a

procedurally defaulted claim if the petitioner can establish that

a fundamental miscarriage of justice, the continued incarceration

---

[4]     Murray v. Carrier, 477 U.S. 478 (1986).

11

of one who is actually innocent, otherwise would result. The Eleventh Circuit has explained:

> [I]f a petitioner cannot show cause and prejudice, there remains yet another avenue for him to receive consideration on the merits of his procedurally defaulted claim. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Carrier, 477 U.S. at 496, 106 S.Ct. at 2649. "This exception is exceedingly narrow in scope," however, and requires proof of actual innocence, not just legal innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Ward, 592 F.3d at 1157. "To meet this standard, a petitioner must 'show that it is more likely than not that no reasonable juror would have convicted him' of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Additionally, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup, 513 U.S. at 324). With the rarity of such evidence, in most cases, allegations of actual innocence are ultimately summarily rejected. Schlup, 513 U.S. at 324.

## C. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of

reasonableness and thereby prejudices the defense." <u>Yarborough v.</u>

<u>Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citing <u>Wiggins v. Smith</u>,

539 U.S. 510, 521 (2003), and <u>Strickland v. Washington</u>, 466 U.S.

668, 687 (1984)).

> To establish deficient performance, a
> person challenging a conviction must show that
> "counsel's representation fell below an
> objective standard of reasonableness."
> [<u>Strickland</u>,] 466 U.S. at 688, 104 S.Ct. 2052.
> A court considering a claim of ineffective
> assistance must apply a "strong presumption"
> that counsel's representation was within the
> "wide range" of reasonable professional
> assistance. <u>Id.</u>, at 689, 104 S.Ct. 2052. The
> challenger's burden is to show "that counsel
> made errors so serious that counsel was not
> functioning as the 'counsel' guaranteed the
> defendant by the Sixth Amendment." <u>Id.</u>, at
> 687, 104 S.Ct. 2052.
>
> With respect to prejudice, a challenger
> must demonstrate "a reasonable probability
> that, but for counsel's unprofessional errors,
> the result of the proceeding would have been
> different. A reasonable probability is a
> probability sufficient to undermine confidence
> in the outcome." <u>Id.</u>, at 694, 104 S.Ct. 2052.
> It is not enough "to show that the errors had
> some conceivable effect on the outcome of the
> proceeding." <u>Id.</u>, at 693, 104 S.Ct. 2052.
> Counsel's errors must be "so serious as to
> deprive the defendant of a fair trial, a trial
> whose result is reliable." <u>Id.</u>, at 687, 104
> S.Ct. 2052.

<u>Richter</u>, 562 U.S. at 104. The Eleventh Circuit has recognized "the

absence of any iron-clad rule requiring a court to tackle one prong

of the <u>Strickland</u> test before the other." <u>Ward</u>, 592 F.3d at 1163.

Since both prongs of the two-part <u>Strickland</u> test must be satisfied

to show a Sixth Amendment violation, "a court need not address the

performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." <u>Id.</u> (citing <u>Holladay v. Haley</u>, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in <u>Strickland</u>: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Strickland</u>, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> "[T]he standard for judging counsel's representation is a most deferential one." <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788. But "[e]stablishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d) is all the more difficult. The standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." <u>Id.</u> (citations and quotation marks omitted). "The question is not whether a federal court believes the state court's determination under the <u>Strickland</u> standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard," then a federal court may not disturb a state-court decision denying the claim. <u>Richter</u>, - U.S. at -, 131 S.Ct. at 788.

<u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1248 (11th Cir. 2014); <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009). "In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's

decision--when we are considering whether to grant federal habeas relief from a state court's decision." Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Mohd asserts that the cumulative effect of impermissible evidence tainted the jury and denied him a fair trial. See Petition at 4-7 (citing Tr. at 20, 21, 39, 50, 52-53, 56, 59, 61, 63-64, 66, 97). Additionally, he states that counsel was ineffective because he failed to object to the impermissible evidence, including the testimony of Rema (Mohd's wife, the victim) and A.J. (Mohd's eldest son) regarding Rema's injuries, the family swimming pool filled with sand, and Mohd's other wife. See Petition at 7.[5] Respondents argue that Mohd's claims are procedurally barred, see Response at 10-11, and this Court agrees since Mohd failed to raise the claims in a procedurally correct manner. Mohd has not shown either cause excusing the default or actual prejudice resulting from the bar.[6] Moreover, he has failed to identify any

---

[5] Mohd states that he asserted the ineffectiveness of trial counsel in his Petition "to prevent the Respondent from claiming that ground one was procedurally defaulted." Reply at 2.

[6] "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must

fact warranting the application of the fundamental miscarriage of justice exception.

Assuming Mohd's claims are not procedurally barred, Mohd is not entitled to federal habeas relief. Mohd has shown neither that the cumulative effect of the evidence denied him a fair trial nor that his counsel's representation at trial fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, Mohd has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had objected to evidence relating to Mohd's other wife in Jordan, Rema's injuries, and the swimming pool filled with sand. See Tr. at 20, 21, 39, 50, 52-53, 56, 59, 61, 63-64, 66, 97. Mohd's ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Mohd is not entitled to federal habeas relief as to ground one.

## B. Ground Two

As ground two, Mohd asserts that the prosecutor's arguments to the jury regarding Mohd's religion and alleged polygamy mischaracterized his culture and customs, were more prejudicial than probative, and deprived him of his Fourteenth Amendment rights

---

demonstrate that the claim has some merit." Martinez, 132 S.Ct. at 1318. As discussed in the alternative merits analysis that follows, this ineffectiveness claim lacks any merit. Therefore, Mohd has not shown that he can satisfy an exception to the bar.

to a fair trial and due process of law. See Petition at 8.

Respondents argue that Mohd's claim is procedurally barred, see

Response at 10, and Mohd concedes that it is, see Reply at 4. On

this record, the Court agrees that the claim is procedurally barred

since Mohd failed to raise the claim in a procedurally correct

manner. Mohd has not shown either cause excusing the default or

actual prejudice resulting from the application of the bar.

Moreover, he has failed to identify any fact warranting the

application of the fundamental miscarriage of justice exception.

Therefore, the Court need not address the merits of ground two.

## C. Ground Three

As ground three, Mohd asserts that the trial court erred when

it admitted multiple gruesome photographs and a video recording

showing the victim's nude, burned body. See Petition at 10. He

states that the photographs were redundant and more prejudicial

than probative, thus violating his Fifth and Fourteenth Amendment

rights. See id. He explains:

> In the instant case, the State admitted
> into evidence a portrait of the victim Rema
> Gemel Namroti,[7] and subsequently 5
> photographs and a video depicting the burns on
> Rema Gemel Namroti's body. Two of the
> photographs were admitted during the testimony
> of Rema Gemel Namroti's treating physician,
> David Mozingo, at Shands Medical Center under
> the pretext of a demonstrative aid to assist
> the jury in understanding the Doctor's

---

[7] See Tr. at 6, 52 (State's exhibit 1, a photograph of Rema prior to the incident); Resp. Ex. A at 167.

testimony.[8] Furthermore, the State admitted into evidence Exhibit 11 which was Rema's hair and Exhibit 24 which depicted Rema's burned face.[9] The purpose of these photographs was to demonstrate the State's theory that Rema was not standing up at the time she was immolated because the fire would have consumed her hair, and burned her face to a greater degree.

Finally, the State admitted Exhibit 12 (Vol. I, p73) through the lead detective, Mike Meredith[,] which depicted a video recording of Rema's nude, charred body while she was at Shands Medical Center that appears to be the video which State's Exhibit's [sic] 4 and 5 were derived from.[10] In fact, the photographs and video admitted were more prejudicial than probative because the depictions are redundant and gruesome to the point where it is inconceivable that a jury would not have a sympathetic reaction to them. In addition, the expert testimony does not hinge on the photos. Dr. Mozingo's testimony and explanation of the injuries sustained by Rema is explicit enough without the need for demonstrative aids. Furthermore, the distinctions made by Dr. Mozingo during his testimony regarding the severity and magnitude of the burns are thorough enough that the photograph does nothing to assist the trier of fact in determining the guilt or innocence of Petitioner, nor do the photos and video tend to prove or disprove any item in contention in the case other than to show Rema's scorched, nude body from a number of angles to the jury.

---

[8] See Tr. at 6, 121-22 (State's exhibit 4, a photograph of Rema's full body), 125 (State's exhibit 5, a photograph of Rema's back side).

[9] See Tr. at 6, 242 (State's exhibit 11, a photograph of Rema's hair), 7, 465 (State's exhibit 23, a photograph of Rema's leg; State's exhibit 24, a photograph of Rema's burned face).

[10] See Tr. at 6, 248 (State's exhibit 12, a brief video recording with no audio of Rema in the hospital the day after the incident).

Id. at 10-11. Mohd argued this issue on direct appeal, see Resp. F at 22-26, 53-54, the State filed an answer brief, see id. at 43-46, and the appellate court affirmed Mohd's conviction without issuing a written opinion, see Mohd, 117 So.3d 1109; Resp. Ex. F at 57.

In its appellate brief, the State addressed the claim on the merits, see Resp. Ex. F at 43-46, and therefore, the appellate court may have affirmed Mohd's conviction based on the State's argument. If the appellate court addressed the merits, the state court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Mohd is not entitled to relief on the basis of this claim.

Even assuming that the state court's adjudication of this claim is not entitled to deference, Mohd's claim, nevertheless, is without merit. Although alleged state law errors generally are not grounds for federal habeas relief, "a habeas court may review a state court's evidentiary rulings in order to determine whether those rulings violated the petitioner's right to due process by depriving him of a fundamentally fair trial." Copper v. Wise, 426 F. App'x 689, 692 (11th Cir. 2011) (citing Felker v. Turpin, 83

F.3d 1303, 1311-12 (11th Cir. 1996)). The Eleventh Circuit explained:

> Of course not all errors in state trial proceedings support claims for habeas relief. As relevant here, a federal court reviewing a state prisoner's habeas petition may not "reexamine state-court determinations on state-law questions," <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991), but it may review state evidentiary rulings to determine whether the rulings violated the petitioner's due process rights. <u>Felker v. Turpin</u>, 83 F.3d 1303, 1311-12 (11th Cir. 1996). In such instances, the inquiry is limited to determining whether evidentiary errors "'so infused the trial with unfairness as to deny due process of law.'" <u>Felker</u>, 83 F.3d at 1311 (quoting <u>Lisenba v. California</u>, 314 U.S. 219, 228, 62 S.Ct. 280, 286, 86 L.Ed. 166 (1941)) (citations omitted).

<u>Smith v. Jarriel</u>, 429 F. App'x 936, 937 (11th Cir. 2011). Generally, the introduction of photographic evidence of a crime victim does not violate a defendant's right to a fair trial. <u>See Hill v. Sec'y, Fla. Dep't of Corr.</u>, 578 F. App'x 805, 810 (11th Cir. 2014) (per curiam). "The evidence must be so inflammatory or gruesome, and so critical that its introduction denied petitioner a fundamentally fair trial." <u>Id.</u> "To constitute a violation of a defendant's due process rights, the admitted evidence must have been (1) erroneously admitted, and (2) 'material in the sense of a crucial, critical, highly significant factor in the [defendant's] conviction.'" <u>Id.</u> (citation omitted). Under Florida law, for photographic evidence to be admissible, it must be relevant to a

material fact in dispute. See id. (citing Boyd v. State, 910 So.2d 167, 191 (Fla. 2005)).

Initially, defense counsel filed a motion in limine as to any gruesome photographs or videos that the court deemed irrelevant or unduly prejudicial. See Resp. Ex. A at 137. The court held a pretrial hearing, see Resp. Ex. E, and later partially granted Mohd's motion, stating in pertinent part:

> As to the video, the State may play those portions from 0:00 to 0:42 and 3:10 to 3:28. As to the pictures, the State may select two pictures for the possible admission into evidence. The State has represented that the full video and all pictures are necessary for its expert to explain the burn pattern on the victim. The Court will allow a proffer outside the presence of the jury to determine if additional photos or video of the victim are warranted.

Resp. Ex. A at 144. On this record, the trial court's ultimate admission of five photographs of the victim's injuries (State's exhibits 4, 5, 11, 23, 24),[11] the one-minute video showing her in the burn unit, and a photograph of the victim taken before the incident (State's exhibit 1) did not so infuse the trial with unfairness as to deny Mohd due process of law. Mohd is not entitled to federal habeas relief on ground three.

---

[11] The State described the photographs showing Rema's injuries: (1) a frontal view of Rema lying in a hospital bed shortly after her admission to the burn unit; (2) Rema's side and partial back taken at the same time; (3) her hair; (4) her legs; and (5) her face. See Resp. Ex. F at 44.

## D. Ground Four

As ground four, Mohd asserts that the trial court erred when it admitted a photograph of the family swimming pool filled with sand, and Rema and A.J.'s testimony that Mohd had forced Rema to fill the pool with sand. <u>See</u> Petition at 12 (citing Tr. at 59, 97). Mohd argued this issue on direct appeal, <u>see</u> Resp. F at 26-28, 54, the State filed an answer brief, <u>see</u> <u>id.</u> at 47-48, and the appellate court affirmed Mohd's conviction without issuing a written opinion, <u>see</u> <u>Mohd</u>, 117 So.3d 1109; Resp. Ex. F at 57.

In its appellate brief, the State addressed the claim on the merits, <u>see</u> Resp. Ex. F at 47-48, and therefore, the appellate court may have affirmed Mohd's conviction based on the State's argument. If the appellate court addressed the merits, the state court's adjudication of this claim is entitled to deference under AEDPA. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Mohd is not entitled to relief on the basis of this claim.

Even assuming that the state court's adjudication of this claim is not entitled to deference, Mohd's claim, nevertheless, is

without merit. On this record, the trial court's admission of Rema and A.J.'s testimony that Mohd had forced Rema to fill the family swimming pool with sand, <u>see</u> Tr. at 59, 97, and a photograph of the pool filled with sand, <u>see</u> <u>id.</u> at 52-54, did not so infuse the trial with unfairness as to deny Mohd due process of law.[12] Mohd is not entitled to federal habeas relief on ground four.

### E. Ground Five

As ground five, Mohd asserts that counsel was ineffective because he failed to properly memorialize the witness testimony and documents from Jordan. <u>See</u> Petition at 15-16. He raised the claim in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. G at 10-12. The Court ultimately denied the post-conviction motion with respect to the claim, stating in pertinent part:

> Here[,] Defendant does not meet either prong of <u>Strickland</u> above. Prior to trial, Trial Counsel submitted a Motion to Perpetuate Testimony from witnesses who were then in Amman, Jordan. Trial Counsel was prepared to have the witnesses testify via Skype. Before witnesses can give testimony via satellite, under <u>Harrell v. State</u>, 709 So.2d 1364 (Fla. 1998), there must be a showing that the foreign country's perjury laws are similar to those of the United States, and that the witness can be prosecuted in the foreign country for making false statements under oath, just as in the United States. It also must be shown that the foreign country has reciprocal extradition laws with the United States. With these requirements, the penalty for perjury is not an empty threat. The Court

---

[12] <u>See</u> Resp. Exs. A at 137, Second Motion in Limine, 144, Order on Defendant's Second Motion in Limine; E at 15-17, 20-21.

> held a hearing on the Motion to Perpetuate
> Testimony on June 7, 2012 to determine: (1)
> whether the Motion was supported by affidavits
> of credible persons showing that the
> prospective witnesses were beyond the Court's
> jurisdiction, and would not be able to attend
> the trial; and (2) whether the Motion
> established that the witnesses' testimony was
> material and necessary to prevent a failure of
> justice. Ultimately, the Court denied [the]
> Motion determining that the testimony from the
> witnesses then located in Jordan was
> inadmissible. (See Appendix A, Transcript of
> June 7, 2012 hearing).[13] Trial Counsel's
> adherence to a Court Order does not fall below
> reasonable competent standards. Ground One is
> denied.

Id. at 180-81 (emphasis deleted). On Mohd's appeal, the appellate
court affirmed the trial court's denial of post-conviction relief
per curiam. See Mohd, 166 So.3d 808; Resp. Ex. G at 364.

To the extent that the state appellate court affirmed the
trial court's denial on the merits,[14] the Court will address the
claim in accordance with the deferential standard for federal court
review of state court adjudications. After a review of the record
and the applicable law, the Court concludes that the state court's
adjudication of the claim was not contrary to clearly established
federal law, did not involve an unreasonable application of clearly
established federal law, and was not based on an unreasonable

---

[13] See Resp. Exs. A at 117-18, 129-30, 142; E.

[14] In looking through the appellate court's affirmance to the
trial court's "relevant rationale," this Court presumes that the
appellate court "adopted the same reasoning." Wilson, 138 S.Ct. at
1192.

determination of the facts in light of the evidence presented in the state court proceedings. Thus, Mohd is not entitled to relief on the basis of the claim.

Moreover, even assuming the state appellate court's adjudication of the claim is not entitled to deference, Mohd's claim nevertheless is without merit. In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence. <u>See</u> <u>Anderson v. Sec'y, Fla. Dep't of Corr.</u>, 752 F.3d 881, 904 (11th Cir. 2014). The presumption that counsel's performance was reasonable is even stronger when, as in this case, defense counsel Mr. Wood is an experienced criminal defense attorney.[15] The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" <u>Rompilla v. Beard</u>, 545 U.S. 374, 381 (2005). Thus, Mohd must establish that no competent attorney would have taken the action that counsel, here, chose.

---

[15] "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." <u>Chandler v. United States</u>, 218 F.3d 1305, 1316 (11th Cir. 2000); <u>see</u> <u>Williams v. Head</u>, 185 F.3d 1223, 1229 (11th Cir. 1999). Mr. Wood was admitted to the Florida Bar in 1986. <u>See</u> http://www.floridabar.org. At the time of Mohd's 2012 trial, Wood was an experienced trial lawyer.

Notably, the test for ineffectiveness is neither whether counsel could have done more nor whether the best criminal defense attorneys might have done more; in retrospect, one may always identify shortcomings. Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (stating that "perfection is not the standard of effective assistance") (quotations omitted). Instead, the test is whether what counsel did was within the wide range of reasonable professional assistance. Ward, 592 F.3d at 1164 (quotations and citation omitted); Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) ("The question is whether some reasonable lawyer at the trial could have acted as defense counsel acted in the trial at issue and not what 'most good lawyers' would have done.") (citation omitted).

On this record, Mohd has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, Mohd has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had performed in the manner he suggests. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Mohd is not entitled to federal habeas relief on ground five.

## F. Ground Six

As ground six, Mohd asserts that counsel was ineffective because he failed to procure documents from Jordan to show Mohd had divorced Eissa, his other wife. See Petition at 16-17. He raised the claim in his Rule 3.850 motion in state court. See Resp. Ex. G at 12-13. The Court ultimately denied the post-conviction motion as to the claim, stating in pertinent part:

> The State is required to prove all the elements of Attempted Murder but motive is not an element,[16] so this argument is not determinative. Rema testified that she thought Defendant wanted to bring another woman to live with him. Even if Trial Counsel impeached Rema with "correct" information regarding the status of the other wife, according to customs in Jordan, there would be nothing to indicate Rema would have known the status. She also testified that having two wives would not be illegal according to custom. Regardless of Defendant's marital status, the victim could legitimately testify as to her impression that Defendant wanted to bring another woman to live with him, and documents from Jordan would not have provided impeachment. The Court does not find that Defendant was prejudiced on this issue. Ground Two is denied as Defendant meets neither prong of Strickland.

Id. at 181-82. On Mohd's appeal, the appellate court affirmed the trial court's denial of post-conviction relief per curiam. See Mohd, 166 So.3d 808; Resp. Ex. G at 364.

---

[16] See Tr. at 549.

To the extent that the state appellate court affirmed the trial court's denial on the merits,[17] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Mohd is not entitled to relief on the basis of this claim.

On this record, Mohd has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, Mohd has not shown any resulting prejudice. He has not shown that a reasonable probability exists that the outcome of the case would have been different if counsel had performed as he suggests. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Mohd is not entitled to federal habeas relief on ground six.

---

[17] This Court presumes that the appellate court "adopted the same reasoning" as the post-conviction court. <u>Wilson</u>, 138 S.Ct. at 1192.

## G. Ground Seven

As ground seven, Mohd asserts that counsel was ineffective because he failed to impeach Rema's testimony with evidence showing she had attempted suicide before the incident. See Petition at 17-20. He raised the claim in his Rule 3.850 motion in state court. See Resp. Ex. G at 13-16. The Court ultimately denied the post-conviction motion with regard to the claim, stating in pertinent part:

> First, as noted in Ground One, Trial Counsel attempted to have witnesses testify via satellite by a Motion that was denied by the Court after a detailed evidentiary hearing.[18] (See Appendix, Transcript of June 7, 2012 hearing). At hearing, it was noted that the alleged suicide attempt occurred ten years prior in 2001. Based on Patrick v. State, 126 Fla. 703 (1936), cited at the hearing,[19] the Trial Court found that the alleged suicide attempt from ten years prior was too remote.
>
> Second, there are Rule 404 analysis issues regarding the victim's prior bad acts, as the alleged suicide attempt of consuming pills is substantially different than an alleged attempt to set oneself on fire. The victim testified that she had never attempted suicide and that she had never gone to the hospital for an overdose, directly refuting one potential witness' testimony that she was taking prescription pills and had to go to the hospital. It did not appear that the information of the three potential witnesses was based on first hand knowledge, and likely

---

[18] See Resp. Exs. A at 117-18, 119-20; E.

[19] See Resp. Ex. E at 36.

would have been inadmissible hearsay. Ground
Three is denied.

Id. at 182 (emphasis deleted). On Mohd's appeal, the appellate
court affirmed the trial court's denial of post-conviction relief
per curiam. See id. at 364.

Insofar as the state appellate court affirmed the trial
court's denial on the merits,[20] the Court will address the claim in
accordance with the deferential standard for federal court review
of state court adjudications. After a review of the record and the
applicable law, the Court concludes that the state court's
adjudication of the claim was not contrary to clearly established
federal law, did not involve an unreasonable application of clearly
established federal law, and was not based on an unreasonable
determination of the facts in light of the evidence presented in
the state court proceedings. Thus, Mohd is not entitled to relief
on the basis of the claim.

Given the record, Mohd has failed to show that his counsel's
representation fell outside that range of reasonably professional
assistance. Even assuming arguendo deficient performance by defense
counsel, he has not shown any resulting prejudice. He has not shown
that a reasonable probability exists that the outcome of the case
would have been different if counsel had performed as he suggests.
His ineffectiveness claim is without merit since he has shown

---

[20] See Wilson, 138 S.Ct. at 1192.

neither deficient performance nor resulting prejudice. Accordingly, Mohd is not entitled to federal habeas relief on ground seven.

## H. Ground Eight

As ground eight, Mohd asserts that counsel was ineffective because he failed to obtain evidence relating to Mohd's other wife to impeach A.J. and Rema's trial testimony. See Petition at 20-22. He raised the claim in his Rule 3.850 motion in state court. See Resp. Ex. G at 16-19. The Court ultimately denied the post-conviction motion with respect to the claim, stating in pertinent part:

> This argument essentially is another version of Ground Two, and for the same reasons this Ground Four will be denied. In addition to testifying that Defendant said he was going to bring his second wife over [to the United States], the victim also said he [sic] that he would not let her take his children back to Jordan with her. (See Appendix B, Trial Transcript pages [sic] 58). Trial Counsel'[s] decision not to impeach the victim's testimony does not fall below a reasonable competent standard nor is it likely that the outcome of these proceedings would have been different. Neither prong of Strickland is met here. Ground Four is denied.

Id. at 182-83 (emphasis deleted). On Mohd's appeal, the appellate court affirmed the trial court's denial of post-conviction relief per curiam. See id. at 364.

To the extent that the state appellate court affirmed the trial court's denial on the merits,[21] the Court will address the

---

[21] See Wilson, 138 S.Ct. at 1192.

claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law and did not involve an unreasonable application of clearly established federal law. Nor was the state court's adjudication based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Mohd is not entitled to relief on the basis of the claim.

On this record, Mohd has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, he has not shown any resulting prejudice. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Mohd is not entitled to federal habeas relief on ground eight.

## I. Ground Nine

As ground nine, Mohd asserts that counsel was ineffective because he failed to impeach Rema with her prior inconsistent statements relating to her burns. See Petition at 22-23. He raised the claim in his Rule 3.850 motion in state court. See Resp. Ex. G at 19-21. The Court ultimately denied the post-conviction motion as to the claim, stating in pertinent part:

It is obvious that Trial Counsel was limited strategically in his potential use of the victim's prior statements, recorded at Shands Hospital on March 31, 2010, for use as impeachment. Defendant himself made inconsistent statements in the initial interviews with law enforcement. Defendant first corroborated his wife's story about accidentally setting herself on fire while barbequing; then claimed she drenched herself with lighter fluid and set herself on fire. Both waivered in their stories, but the evidence did not support either scenario. Additionally[,] a review of the hearing on Defendant's Second Motion in Limine (see Appendix A, Transcript of June 7, 2012 hearing) shows that arguments were made regarding prior domestic violence.[22] The State argued that if the defense were to use the wife's prior statements made at the hospital, then they should be able to disclose statements she made at the same time regarding both physical and verbal abuse by Defendant. This, the State argued, would tend to show state of mind, that the wife made the statements out of fear. Using the video of a severely burned woman who could not even open her eyes, likely would have aroused the sympathy of the jury, and would have opened the door to testimony of prior domestic abuse by Defendant. Trial Counsel's actions here were part of a sound strategy under the circumstances. Ground Five is denied.

Id. at 183 (emphasis deleted). On Mohd's appeal, the appellate court affirmed the trial court's denial of post-conviction relief per curiam. See id. at 364.

Insofar as the state appellate court affirmed the trial court's denial on the merits, the Court will address the claim in accordance with the deferential standard for federal court review

_____

[22] See Resp. Exs. A at 137, 144; E.

of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Mohd is not entitled to relief on the basis of the claim.

On this record, Mohd has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming arguendo deficient performance by defense counsel, he has not shown any resulting prejudice. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Thus, Mohd is not entitled to federal habeas relief on ground nine.

## J. Ground Ten

As ground ten, Mohd asserts that counsel was ineffective because he failed to obtain evidence relating to the cultural significance of self-immolation among Islamic women in the Middle East and Asia. See Petition at 24. He states that counsel should have hired an expert in Islamic culture to explain to the jury that "Islamic women lighting themselves on fire is culturally driven based upon a sense of shame and honor." Id. He raised the claim in

his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. G at 22-23. The
Court ultimately denied the post-conviction motion as to the claim,
stating in pertinent part:

> This claim fails because it lacks
> relevancy. There is an insufficient factual
> basis to claim that the victim would have set
> herself on fire because of her cultural
> background. The record does not show evidence
> that the victim had a sense of "shame and
> honor" which resulted in lighting herself on
> fire. There is not a logical connection
> between the facts in the case and the
> accusation that the victim would have set
> herself on fire. Ground six is denied.

<u>Id.</u> at 184. On Mohd's appeal, the appellate court affirmed the
trial court's denial of post-conviction relief per curiam. <u>See</u> <u>id.</u>
at 364.

To the extent that the state appellate court affirmed the
trial court's denial on the merits, the Court will address the
claim in accordance with the deferential standard for federal court
review of state court adjudications. After a review of the record
and the applicable law, the Court concludes that the state court's
adjudication of this claim was not contrary to clearly established
federal law and did not involve an unreasonable application of
clearly established federal law. Nor was the state court's
adjudication based on an unreasonable determination of the facts in
light of the evidence presented in the state court proceedings.
Thus, Mohd is not entitled to relief on the basis of the claim.

Given the record, Mohd has failed to carry his burden of showing that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming deficient performance by defense counsel, Mohd has not shown any resulting prejudice. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Mohd is not entitled to federal habeas relief on ground ten.

## K. Ground Eleven

As ground eleven, Mohd asserts that counsel was ineffective because he failed to use exculpatory evidence (a recorded interview among Rema's father and her two sons) at trial. <u>See</u> Petition at 25-28. He raised the claim in his Rule 3.850 motion in state court. <u>See</u> Resp. Ex. G at 25-30. The Court ultimately denied the post-conviction motion as to the claim, stating in pertinent part:

> The "exculpatory evidence" referred to by Defendant is a recorded interview between the victim's father and her two children. The statements of the children in the recorded interview are directly contradicted by one of the children's testimony at trial. In the conversation, the eldest son AJ stated that his mother doused herself with lighter fluid. However the son could not have seen this take place. At trial, AJ testified that he and his younger brother were both outside jumping on the trampoline when the incident occurred and that they came inside to see their mother on

fire. (See Appendix C, Trial Transcript, Pages 93-94).[23]

　　　Additionally, in the translation of the conversation provided in Defendant's Motion,[24] the youngest son said: "Dad was cursing Mom while she was cleaning the floor. He told her, 'I'm joking.' She brought the lighter and she put lighter fluid on the shirt and it all go[t] on fire."[25] Their grandfather followed up by asking "who told you to say so?" and the eldest son said "in a quiet voice" "Khalid." [26] It is unlikely this evidence would have helped Defendant.

　　　Defendant's claim that Trial Counsel should have put forth evidence regarding the victim's attempts to injure herself with a knife (referring to statements made to the grandfather by AJ that he hid knives from his mother)[27] would not survive a Rule 404 or Rule 405 analysis. Additionally, the Court agrees that Defendant's reliance on the North Dakota case <u>Decoteau v. State</u>, 586 N.W. 2d 156 (N.D. 1998) where the victim consented to an act, is misplaced. In the case at bar, the record put forth at the proceedings shows that the victim did not consent to be set on fire. Neither prong of <u>Strickland</u> has been met here. Ground Eight is denied.

<u>Id.</u> at 184-85 (emphasis deleted). On Mohd's appeal, the appellate court affirmed the trial court's denial of post-conviction relief per curiam. <u>See</u> <u>id.</u> at 364.

---

[23] At trial, Rema testified that the boys were playing in the backyard. <u>See</u> Tr. at 57, 73; <u>see</u> <u>id.</u> at 93-94, 98.

[24] <u>See</u> Resp. Ex. G at 25-29.

[25] <u>See</u> Resp. Ex. G at 27.

[26] <u>See</u> Resp. Ex. G at 27.

[27] <u>See</u> Resp. Ex. G at 28.

Insofar as the state appellate court affirmed the trial court's denial on the merits, the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Mohd is not entitled to relief on the basis of the claim.

On this record, Mohd has failed to show that his counsel's representation fell outside that range of reasonably professional assistance. Even assuming deficient performance by defense counsel, he has not shown any resulting prejudice. His ineffectiveness claim is without merit since he has shown neither deficient performance nor resulting prejudice. Accordingly, Mohd is not entitled to federal habeas relief on ground eleven.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Mohd seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this

substantial showing, Mohd "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.     The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.     The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.     If Mohd appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.     The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of May, 2018.

MARCIA MORALES HOWARD
United States District Judge

sc 5/15
c:
Khalid Mohd, FDOC #V41441
Counsel of Record